# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAVIER AMAYA,<br><br>    Defendant. | No. CR11-4065-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT JAVIER AMAYA'S MOTIONS TO DISMISS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

### *A. Procedural Background*

On July 28, 2011, a Superseding Indictment was returned against defendant Javier Amaya, and three co-defendants, charging conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), and 1956(h).[1] On September 15, 2011, defendant Javier Amaya filed a Motion to Dismiss Indictment, or, in the Alternative, to Strike Superfluous Language and for a Bill of Particulars (docket no. 136) and Motion to Dismiss Count 1 and/or, Alternatively, to Sever (docket no. 140). In his Motion to Dismiss Indictment, defendant Javier Amaya argues that Count 2 of the Superseding Indictment should be dismissed because it is impermissibly vague. In his Motion to Dismiss Count 1 and/or, Alternatively, to Sever,

---

[1] In addition, the Superseding Indictment charges five co-defendants with conspiracy to possess with intent to distribute 50 grams or more of pure methamphetamine or 500 grams of methamphetamine, 5 kilograms or more of cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.

defendant Javier Amaya contends that Count 1 of the Superseding Indictment should be dismissed because he is not charged in that count and he would be prejudiced by joinder of that drug charge with the money laundering charge against him.

Defendant Javier Amaya's motions were referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On September 30, 2011, Judge Zoss held a hearing on defendant Amaya's motions. On October 3, 2011, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Javier Amaya's motions be denied.

In his Report and Recommendation (docket no. 182), Judge Zoss concluded that Count 2 was not impermissibly vague. Judge Zoss further concluded that defendant Javier Amaya had failed to demonstrate that Count 1 was so "inextricably entangled" with Count 2 that jury confusion would result and taint their deliberations. Therefore, Judge Zoss recommended that defendant Javier Amaya's motions to dismiss be denied.[2] The time for filing objections has now passed, and neither party has filed an objection to Judge Zoss's Report and Recommendation.[3]

## II. LEGAL ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

---

[2] Judge Zoss denied defendant Javier Amaya's alternative requests for severance, to strike, and for a bill of particulars.

[3] Because trial is set to begin on October 11, 2011, the time for filing objections was shortened to October 4, 2011, in Judge Zoss's Report and Recommendation.

> recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge]

3

would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Zoss's Report and Recommendation of October 3, 2011, and orders that defendant Javier Amaya's motions to dismiss are **denied**.

**IT IS SO ORDERED.**

**DATED** this 5th day of October, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA